UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 21-CR-10015-FDS |
| | ) | |
| JOHNATHAN TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Johnathan Taylor pled guilty to the above-docketed indictment, which charges him with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). For the reasons outlined below and to be articulated at the sentencing hearing, the government respectfully requests that this Court impose a sentence of 72 months in prison, to be followed by five years of supervised release.

### FACTS

The government relies on and incorporates the facts as set forth in the statement of offense conduct in paragraphs 7 through 18 of the Presentence Investigation Report ("PSR").

### DISCUSSION

**I.**   **Sentencing Guideline Calculation & Other Statutory Provisions**

Based on its computation of the defendant's total offense level as 30 and his criminal history category as I, the United States Probation Office ("Probation") has computed a Guideline sentence in this case to include a term of incarceration from 97 months to 121 months; the Guideline range of supervised release is five years to life.

The government agrees with Probation's calculation of the defendant's Offense Level and Criminal History Category, and thus agrees with its determination of his Guideline sentencing range (GSR) as outlined above.

The government has learned from the National Center for Missing and Exploited Children that there are no identified victims who wish to make a victim impact statement or who wish to make a claim for restitution. The government suggests that the imposition of a special assessment in the amount of $3,000 pursuant to 18 U.S.C. § 2259A would be appropriate here, where such amount is the minimum the defendant would have had to pay to just one victim if any had made a claim, and where the defendant will have at least the five years of his term of supervised release to satisfy his obligation. The government understands that the defendant will not object to a special assessment in this amount. The government does not seek the imposition of a fine or special assessment pursuant to 18 U.S.C. § 3014.

**II.        Application of the Section 3553(a) Factors**

The GSR as calculated here – 97 to 121 months – does represent, indeed, a truly significant range of punishment, as does the term of incarceration recommended by the government. The recommended punishment, however, is one that reasonably fits the crime that the defendant has pled guilty to. Based on an evaluation of all of the § 3553(a) factors, this Court should impose a term of 72 months.

The government recognizes that it is difficult to quantify exactly how many months would satisfy the Court's obligation to impose a sentence that is just, that would adequately deter both this defendant and others who might commit the same type of crime, and that would protect the most vulnerable members of our society. A significant sentence is necessary to reflect the gravity

of the defendant's crimes.  As the Sentencing Commission found in its 2012 report to Congress,[1] "all child pornography offenses are extremely serious because they both perpetuate harm to victims and normalize and validate the sexual exploitation of children."  [Id. at 311].  This is especially true here, where the defendant accessed child pornography in a forum populated entirely by others who *value*, rather than vilify, the sexual exploitation of children, and in ways that typically are successful in avoiding detection by law enforcement.  That is, the defendant was discovered by way of his IP address despite the fact that he was accessing child sexual abuse material (CSAM) on the Dark Web, which typically affords users more anonymity than some other avenues to obtaining CSAM.  What's more, the defendant admitted that he had been accessing CSAM for approximately 15 years before he was caught.  The defendant fits squarely within the cycle of supply and demand that fuels the networks that not only cater to CSAM consumers like him but are driven by the need that they represent.

The government is cognizant of the typical arguments made regarding the routine application of the specific offense characteristics outlined in USSG § 2G2.2, including the objection the defendant lodged to the "use of computer" enhancement here.  While the government submits that Probation correctly applied that enhancement, the government agrees with the defendant that it does not truly represent an offense characteristic that is specific to this offender in these circumstances – although the defendant's use of the dark web makes this a closer call than in the typical child pornography case.  The other specific enhancements are not simply applied here as inherent to the offense, but adequately and accurately reflect the nature and circumstances of the offense, as described briefly below:

---

[1] Available at https://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_12.pdf.

a. **§ 2G2.2(b)(2) (prepubescent minor):** There are many cases where defendants possess, distribute, receive, and produce images of children who are *not* prepubescent. The distinction between pubescent and prepubescent victims is an important one for this (and all) courts to consider, given that a victim's vulnerability is often directly correlated to his or her age.

b. **§ 2G2.2(b)(4)(A) (sadistic/masochistic conduct or exploitation of toddler):** For the same reasons, the distinction between sadomasochistic violence and other types of sexual exploitation (of toddler or infant victims and older child victims) is important for the Court to take note of. Again, not all defendants are interested in every type of exploitation – but as a consumer of this type of material, the defendant drives the production of such material, and should be appropriately held accountable for such. In making its below-Guidelines recommendation, the government takes into account the fact that the GSR assigns a four-level increase for this specific offense characteristic; while that application is correct, it would also be reasonable to "discount" the application to recognize that depictions of at least *some* of the children represented in the defendant's collection might not trigger the application in and of themselves.

c. **§ 2G2.2(b)(7)(D) (number of images):** The government recognizes that it is relatively easy to "get to" 600 images when videos are included in a defendant's collection. That does not render the enhancement meaningless. If a picture says a thousand words, a video screams them from the rooftops. Here, the defendant's collection included more than 350 videos depicting, by and large, the rape and abuse of children. Videos provide a stark reminder that the victims of this defendant's crimes are real, live children, who are raped or otherwise exploited *solely* for the pleasure of people like this defendant –

4

who are *not* traumatized by having to watch other people sexually abuse or encourage the exploitation of children around the world, but who choose to do so because they either prefer it or need it for their own sexual gratification. Videos *should* be weighted more heavily than images. The enhancement is not meaningless – for the reasons described above, it is essential to avoid the desensitization that has beset us legal professionals as a byproduct of prosecuting, defending, and sitting in judgment of those that violate our child pornography laws.

Unfortunately, this Court must view with skepticism the defendant's assurance that he presents little risk to recidivate. The evidence in this case shows that the defendant was engaged in this type of criminal behavior for 15 years before he was arrested, and there is no reason to believe that anything but a lengthy term in prison will deter this defendant from committing similar offenses in the future. Similarly, the fact that the defendant comes before this Court with no prior record of conviction for similar offenses is not a mitigating factor in the context of these offenses. The defendant's record was taken into consideration in the calculation of his criminal history category. *See*, *e.g.*, United States v. Oberg, 877 F.3d 261 (7th Cir. 2017) (district judge properly noted that defendants in child pornography cases often have limited criminal histories).

The government recognizes that it is always difficult to quantify in years "how much" is "enough" to adequately punish the defendant, deter similar criminal conduct, and protect the public. The guideline sentence here is significant. It is also both reasonable and necessary in this case to promote respect for the law, to adequately punish the defendant for his criminal conduct, to deter him and others from offending in the same ways again, and for long-term protection of the public.

## CONCLUSION

For all of the foregoing reasons, the government respectfully recommends that this Court impose a sentence of 72 months in prison and a period of 5 years of supervised release, with a $3,000 assessment under 18 U.S.C. § 2259A. Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

Respectfully Submitted,

RACHAEL S. ROLLINS
United States Attorney

Date: January 17, 2023   By:   /s/ Anne Paruti
Anne Paruti
Assistant United States Attorney
United States Attorney's Office
One Courthouse Way
Boston, MA 02210
617-748-3310

**CERTIFICATE OF SERVICE**

I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participant as identified on the Notice of Electronic filing:


Date: January 17, 2023                           /s/ Anne Paruti
                                                 Anne Paruti
                                                 Assistant United States Attorney